# BALTIMORE CITY COURT.

Filed July 15, 1912.

WM. N. McFAUL
VS.
MORRIS A. SOPER, ET AL.

*Eugene O'Dunne* and *Donald B. Creecy* for petitioner.

*Robert F. Stanton* for respondents.

DAWKINS, J.—

The petitioner in this case alleges his appointment and qualification as a Justice of the Peace in due form and his subsequent selection by the Governor in accordance with law as one of the additional Justices at Large, or Police Magistrates, to set at a station house in Baltimore city under the designation of the Board of Police Commissioners to sit as such station house magistrate and that he has subsequently sat and discharged all of the functions and duties of such magistrate.

That since his said selection he has been ready and willing at all times to serve as such magistrate or police justice under the regulation and control of said Board of Police Commissioners. He further alleges that the said board has refused to issue to him any certificate for his services as provided by law, notwithstanding the fact of the rendition of said services by said petitioner and his willingness to continue to serve and the acceptance of said services by said board. That said refusal is in violation of a practice of over twenty years standing to pay an additional police justice the same as those regularly assigned to a station house. These facts are in substance admitted by the respondents, but they say that even if true that they are not sufficient in law to authorize the writ of mandamus to issue because the legislature has never authorized the payment of salary to an additional police justice but payment according to the length of service performed by the justice at the station house and the amount of time devoted thereto, or that the additional justice is only entitled to a per diem compensation for time *actually serving*, rather than to the salary of $175 per month.

The constitutionality of the Act of 1912 or prior acts of the General Assembly regulating and fixing the duties and salaries for justices of the peace who are named to perform certain duties or services outside of and beyond the ordinary duties of a justice of the peace not having been raised, it does not seem proper in this case to discuss that phase of the law as applicable to the legislation of recent years in connection with the placing of duties upon justices of the peace not originally intended for them to perform.

The sole question in this case therefore is not as to the tenure but as to the compensation of the petitioner as an additional justice of the peace as provided for in Chapter 777 of the Acts of 1912.

Whilst the law covering this matter of police justices and their compensation seems to be in a somewhat confused state, yet it does seem clear that Chapter 230 of the Acts of 1890 made it the duty of the Governor to select an additional magistrate to sit at the station houses as determined by the Board of Police Commissioners and to be assigned by said Board to so sit. It is also true that this additional magistrate was to receive no money except *his salary* from any other source. There could not be much doubt that he thus became a *salaried* justice, so that the board very properly has acted upon that theory for over twenty years and certified for the payment of the salary for this additional justice the same as it did for those selected and regularly assigned to station houses. Chapter 777 of the Acts of 1912, so far as it concerns police magistrates, does not materially effect the question further than to provide for the appointment of two additional justices instead of one, as theretofore, and that the board could not assign any justice other than one "selected by the Governor to sit at a station house in said city as long as one of said justices of the peace so assigned by the Governor shall be available for said purpose."

As was so ably argued by counsel for the respondents all construction of statutes should be reasonable, but to be reasonable the construction should be practical and unless for good reason should not contravene the legislature's intent.

It would seem unreasonable to require this petitioner who holds a commission for this office to report for service every day of the year and hold himself in readiness to be sent to any part of the city to any one of the eight station houses wherever there happened to be a regular police justice absent, and at the same time to refuse compensation to him unless he actually after arriving at the station house tried a case. In other words, if the contention of the respondents be correct, this petitioner is to be

clothed with all the rights and prerogatives of the police magistrate and is to be in place for service, and yet not receive any compensation therefor, save a per diem which might be divided, unless he serve the full number of hours. If the board has a right to refuse to certify unless the justice actually heard a case, then it could with just as much reason say that if upon reporting to the station house no cases were ready for trial after the justice was sent there that he should not be paid for that day. It might as well be said that a juror in one of the law courts who does no work unless empanelled in a case is not entitled to compensation unless so empanelled, though he may have held himself in readiness for service all the court session.

Surely the legislature's intent was not to put a *preferential justice* in any such position. I can not believe that the additional police justice provided for by Chapter 230, Section 641, of the Acts of 1890, or the two justices provided for by Section 630 of Chapter 777, Acts 1912 was intended to be the same as one of the civil justices, whose services can be obtained under Chapter 336, Section 637, Acts 1888. When the station house justices' salary was fixed by Section 636, Chapter 28, Acts 1876, there was no additional justices provided for so that in 1890 when an additional justice. was appointed then the pay was established and the justice was prohibited from transacting any other business and he was placed under the regulation and control of the Board of Police Commissioners.

The Act of 1912 places two instead of one and continues the same regulation and control. Surely these additional justices were taken out of the class of substitute civil justices provided for under Section 637, Chapter 461, Acts 1880 (Also Acts 1888).

I am constrained, therefore, to believe that it was intended that the *additional police justice or justices* so far as compensation is concerned when reporting for duty are entitled to be treated as the regular police justice or magistrate and dissimilar to *substitute civil justices* and consequently are entitled to the same compensation as such regular police justices.

It is therefore ordered by the Baltimore City Court this 15th day of July, in the year 1912, that the demurrer of the petitioner to the answer of the respondents be sustained and that the writ of mandamus issue as prayed.